|   |   |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | CENTRAL DISTRICT OF CALIFORNIA |
| | EASTERN DIVISION |

| | |
|---|---|
| HENRY JAMES HOLMES,<br><br>        Petitioner,<br><br>        v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | No. ED CV 18-01734-DOC (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE FOR LACK OF JURISDICTION |

## **BACKGROUND**

On August 17, 2018, Petitioner filed in this Court a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Petitioner filed a supplement to the Petition on September 10, 2018. See Dkt. 4. The Petition seeks relief from the conviction arising out of Petitioner's 2000 guilty plea to one count of assault with intent to commit rape. Id. at 2.

By the Court's count, the instant petition represents Petitioner's fifth attempt to obtain habeas corpus relief from his 2000 guilty plea. In 2003, Petitioner filed a petition for writ of habeas corpus in this Court in Case No. ED CV 03-922-NM (Mc). This petition was dismissed without prejudice

because Petitioner had not exhausted his state remedies. In 2004, Petitioner filed another petition for writ of habeas corpus in Case No. ED CV 04-370-DOC (Mc). This petition was denied on the merits. In 2016, Petitioner filed a petition for writ of habeas corpus in Case No. ED CV 16-1474-DOC (DFM). This petition was dismissed for lack of jurisdiction because it was a successive petition and because Petitioner did not satisfy the "in custody" requirement of 28 U.S.C. § 2254. Finally, in 2016, Petitioner filed a petition for writ of habeas corpus in Case No. ED CV 16-2260-DOC (DFM). This petition was dismissed without prejudice because it too was a successive petition.

## DISCUSSION

**This Court Lacks Jurisdiction Because the Petition Is a Successive Petition**

As the Court told Petitioner twice in 2016, it may not entertain a second or successive habeas petition unless Petitioner obtains leave from the Ninth Circuit Court of Appeals. 28 U.S.C. § 2244(b) reads, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no

reasonable factfinder would have found the applicant guilty of the underlying offense.

    (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244 (b)(1)-(3); see also Rule 9(b) of the Rules Governing § 2254 Cases in the United States District Courts. In addition, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that if it plainly appears from the face of the petition and any exhibits thereto that the petition is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.

Although Petitioner did not disclose his earlier federal petitions in the Petition, it is clear from the face of the Petition that the present Petition is a successive petition attacking the same conviction and sentence in Riverside County Superior Court. On October 14, 2016, shortly before filing his last petition, Petitioner sought permission from the Ninth Circuit Court of Appeals to file a second or successive petition. That application for leave to file a successive petition was denied. See Holmes v. State of California, No. 16-73307, Dkt. 13 (9th Cir. June 30, 2017).

This Court does not have jurisdiction to consider a second or successive petition absent authorization from the Ninth Circuit. Burton v. Stewart, 549 U.S. 147, 152, (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation and quotation marks omitted)). The Court will accordingly dismiss this petition without prejudice to its refiling at

3

such time as Petitioner obtains permission to file a successive petition.[1]

**ORDER**

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 15, 2018

*David O. Carter*
DAVID O. CARTER
United States District Judge

Presented by:

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

---

[1] If Petitioner obtains permission to file a successive petition, he should file a new petition for writ of habeas corpus. He should not file an amended petition in this action nor should he use this case number from this action because the instant action will be closed today. If and when Petitioner files a new petition, the Clerk will give the petition a new case number.